UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE R. BABIN-DE-JESUS,            )<br>                                                      )<br>            Plaintiff,                        )<br>                                                      )<br>vs.                                                )<br>                                                      )<br>AMERICAN EXPRESS CO., *et al.*,  )<br>                                                      )<br>            Defendants.                   )<br>_____)  | Case No. 2:16-cv-00636-RFB-GWF<br><br>**ORDER** |

This matter is before the Court on Defendant Bank of America, N.A.'s ("Defendant") Motion to Stay (ECF No. 40), filed on April 14, 2016. Plaintiff filed his Opposition on June 14, 2016. (ECF No. 42). Defendant filed its Reply on June 24, 2016. (ECF No. 44).

**BACKGROUND**

Plaintiff filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the District of Nevada on November 25, 2009. *See Opposition to Motion to Dismiss (ECF No. 20), pg. 2*. Plaintiff made payments pursuant to a Chapter 13 plan and obtained a discharge on June 24, 2015. *Id.* Plaintiff filed his complaint against Defendant on March 23, 2016. (ECF No. 1). Plaintiff's first and only cause of action alleges Defendant violated the Fair Credit Reporting Act by erroneously reporting inaccurate credit information to national reporting agencies.

Defendant filed its Motion to Dismiss on April 20, 2016. (ECF No. 10). Plaintiff filed his Opposition on May 4, 2016. (ECF No. 20). Defendant filed its Reply on May 23, 2016. (ECF No. 37). Defendant's Motion to Dismiss is currently pending before the Court.

Defendant's Motion to Dismiss seeks dismissal of Plaintiff's complaint on the grounds that Plaintiff failed to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Defendant argues that discovery in this matter should be stayed pending the resolution of its Motion to Dismiss, thereby relieving Defendant of incurring unnecessary expenses of discovery, particularly in relation to the preparation and production of a Rule 30(b)(6) witness to travel and attend a deposition, if the motion is granted. *See Motion (ECF No. 40), pg. 3*. Nonetheless, Defendant stated that it will still respond to written discovery requests that Plaintiff propounded on April 26, 2016. *Id.* at pg. 3, fn 1.

## DISCUSSION

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. See *Skellerup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995). Ordinarily, a dispositive motion does not warrant a stay of discovery. *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). *See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The moving party carries the heavy burden of making a strong showing of why discovery should be denied. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

Courts have broad discretionary power to control discovery. See *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. Pro. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group*, 294 F.R.D. at 581. It is well known that the purpose of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). To establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion. *Turner Broadcasting System*, 175 F.R.D. at 556.

The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581.

2

Rule 12(b)(6) requires only that the Court determine whether the pleadings are sufficient to establish a claim, and does not require the Court to determine if the plaintiff could find evidence to support the pleadings. *Tracy v. United States*, 243 F.R.D. 662, 664 (D. Nev. 2007). Rule 12(b)(6) requires a plaintiff "to provide grounds of his entitlement for relief" which "requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff does not dispute that Defendant's pending Motion to Dismiss is potentially dispositive and that Defendant's motion can be decided without additional discovery. *See Opposition (ECF No. 42), pg 3.* With the above standards in mind, the Court turns to its "preliminary peek" of Defendant's Motion to Dismiss. Defendant argues that Plaintiff failed to state a claim of a violation of the Fair Credit Reporting Act because Plaintiff did not allege that Defendant reported information that was either patently incorrect or materially misleading. *Motion to Dismiss (ECF No. 10), pg. 2.* Defendant argues that Plaintiff's claim fails as a matter of law because reporting delinquencies during the pendency of a bankruptcy proceeding is not inaccurate pursuant to the Fair Credit Reporting Act. *Id.*

The Court finds that there is a reasonable likelihood that Defendant's Motion to Dismiss will be granted. Based upon its preliminary review, the Court finds that a stay of remaining discovery is warranted, particularly in light of Defendant's agreement to respond to written discovery requests that Plaintiff propounded on April 26, 2016, regardless of whether a stay of other discovery is granted. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay (ECF No. 40) is **granted**.

**IT IS FURTHER ORDERED** that, except for Plaintiff's previously served written discovery requests, discovery is stayed until the Court decides Defendant's motion to dismiss.

DATED this 28th day of June, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge